Terrence S. Jones, ISB No. 5811
QUANE JONES MCCOLL, PLLC
US Bank Plaza
101 South Capitol Boulevard
Suite 1601
P.O. Box 1576
Boise, Idaho 83701
Telephone (208) 780-3939
Facsimile (208) 780-3930
tsj@quanlaw.com

Attorneys for Plaintiff American
Alternative Insurance Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BIG WOOD CANAL COMPANY, an Idaho corporation; IDAHO IRRIGATION COMPANY, LTD., an Idaho limited company; CARL PENDLETON, individually; MIKE FAULKNER, individually; GREG LIERMAN, individually; ROBIN LEZAMIZ, individually; ALTON HUYSER, individually; RODDY L. ADAMS, individually; JACK LOPER, individually; RYAN TELFORD, individually; HUBERT SHAW, individually;<br><br>    Defendants. | Case No. 1:14-cv-00309-EJL<br><br>MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |

COMES NOW the Plaintiff American Alternative Insurance Corporation

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 1

[hereinafter "AAIC"] by and through its counsel of record, and hereby submits its Memorandum in Opposition to Defendants' Motion to Dismiss filed with this Court on October 14, 2014 (ECF 24). For the reasons set forth below, the Defendants' Motion should be denied and Plaintiff's declaratory judgment action should be adjudicated by this Court.

## I.  INTRODUCTION

The Defendants have filed a Motion to Dismiss the Plaintiff's Complaint for Declaratory Relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a). Alternatively, the Defendants move the Court for an order to stay the Plaintiff's declaratory judgment action.

AAIC has filed a declaratory judgment action in this Court seeking the Court's determination as to whether the policies issued by AAIC to Big Wood Canal Company [hereinafter "Big Wood"] provide that AAIC has a duty to defend and/or indemnify the Defendants in connection with the claims set forth in the Stockholders' Lawsuit filed against the Defendants in Lincoln County Case CV 2014-75 [hereinafter "Stockholders' Lawsuit"] (ECF 24-9).

For the reasons set forth below, the Court should deny the Defendants' Motion to Dismiss. Further, the Plaintiff contends that the Court should not issue an order staying the declaratory judgment action.

## II.  FACTUAL AND PROCEDURAL HISTORY

The facts and procedural history are set forth in the Plaintiff's Complaint for Declaratory Judgment which was filed with this Court on July 29, 2014. (ECF 1). From January 3, 2012 through January 3, 2013, the Defendant Big Wood Canal was the

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 2

named insured in policies issued by AAIC. From January 3, 2013 to January 3, 2014, Big Wood Canal was the named insured in policies issued by Darwin National Assurance Company [hereinafter "Darwin"].

The Stockholder's Lawsuit was filed in the Lincoln County District Court on or about April 18, 2014. (ECF 24-9). Darwin filed a complaint for declaratory judgment in the Lincoln County District Court on June 9, 2014. (ECF 24-3). The presiding judge in both of these cases is District Court Judge John K. Butler.

For the purpose of this response, AAIC agrees with the basic facts and procedural history of the underlying Stockholders' Lawsuit as set forth in Section 1 of their memorandum in support of Defendant's motion to dismiss. (Memorandum in Support of Motion to Dismiss at 2-3, **American Alternative Insurance Corporation v. Big Wood Canal Company, et. al.,** Oct. 14, 2014, ECF. 24-1.) However, the polices issued by AAIC and Darwin National Assurance Company are not identical and do not mirror one another. (ECF 1-1 – 1-5; ECF 24-4 – 24-8).

### III. ARGUMENT

### A. The *Brillhart* Factors Do Not Warrant a Dismissal of Plaintiff's Declaratory Judgment Action

The Defendants argue that the Court should exercise its discretion under the Federal Declaratory Judgment Act and decline jurisdiction over the pending declaratory judgment matter. (Mem. in Support of Mot. to Dismiss at 5, **American Alternative Insurance Corporation v. Big Wood Canal Company, et. al.,** Oct. 14, 2014, ECF. 24-1). They argue that dismissal is warranted based on the **Brillhart**[1] factors. *Id.* at 7-10. Specifically, the Defendants argue that the first **Brillhart** factor

---

1 *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942).

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 3

weighs heavily in favor of dismissal since jurisdiction in this matter is based on diversity. *Id.* at 7. Further, they argue that the Plaintiff has engaged in forum shopping and that this factor supports their motion to dismiss or stay the action. *Id.* The Defendants also maintain that the third *Brillhart* factor, avoiding duplicative litigation, supports their motion in that this declaratory action would be better settled in state court. *Id.* at 8. They assert that a dismissal or a stay of the present cause of action is justified on the grounds that there are parallel proceedings in the state court involving the same facts and insurance provisions. (Motion to Dismiss at 1, **American Alternative Insurance Corporation v. Big Wood Canal Company, et. al.,** Oct. 14, 2014, ECF. 24).

According to the *Brillhart* abstention doctrine, a district court has discretion to determine whether and when to hear a declaratory judgment action. **See Brillhart v. Excess Ins. Co. of America**, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). The *Brillhart* case set forth three factors that help guide a court's decision to stay or dismiss a declaratory judgment action; however, this list is not exhaustive. *Id.* at 495, 1176. "The *Brillhart* factors remain the philosophic touchstone for the district court. The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." **Gov't Employees Ins. Co. v. Dizol**, 133 F.3d 1220, 1225 (9th Cir. 1998).

In addition to the three *Brillhart* factors, courts in the 9th Circuit have considered various other factors when determining whether to dismiss or stay a declaratory judgment action. **See e.g. Plum Creek Timber Co. v. Trout Unlimited**, 255 F. Supp. 2d 1159, 1166-67 (D. Idaho 2003); **Gov't Employees Ins. Co. v. Dizol**, 133

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 4

F.3d 1220, 1233 (9th Cir. 1998) (courts have considered whether the declaratory action will settle all aspects of the controversy, whether it will serve a useful purpose in clarifying legal relations at issue, whether the declaratory action is being sought for procedural fencing, and whether an entanglement between the federal and state court systems will occur).

There is not a presumption in favor of abstention in declaratory judgment actions in general or specifically in insurance coverage cases. *See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). The Plaintiff submits that the *Brillhart* factors as well as other factors support a denial of the Defendants' Motion to Dismiss and support the Court retaining jurisdiction over the pending action.

1. **The Court Will Not Needlessly Determine State Law Issues if it Maintains Jurisdiction Over the Plaintiff's Declaratory Action**

The first *Brillhart* factor, that a court should avoid needless determination of state law issues, weighs in favor of denying the Defendants' Motion to Dismiss. *See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). Two Idaho District Court cases are instructive on this factor and establish that this factor is favorable to Plaintiff's position. *See Burlington Ins. Co. v. Guerdon Enterprises, LLC*, 1:13-CV-00078-BLW, 2013 WL 5798686 (D. Idaho Oct. 28, 2013); *Wells Cargo, Inc. v. Transport Ins. Co.*, 676 F. Supp. 2d 1114 (D. Idaho 2009).

Similar to the facts in the instant case, the defendant in *Burlington* moved to dismiss the plaintiff insurance company's complaint for declaratory judgment. *Burlington Ins. Co. v. Guerdon Enterprises, LLC*, 1:13-CV-00078-BLW, 2013 WL 5798686 (D. Idaho Oct. 28, 2013). Further, a second insurance company filed a similar

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 5

declaratory judgment action against the defendant Guerdon in a California state court. *Id.* In determining that maintaining jurisdiction over the case would not result in a needless resolution of state law, the court explained that:

> because the parallel proceeding in the California state court does not deal with the precise issue at stake in this case—the **Burlington** policy coverage issue—and there is no pending Idaho suit, there is no proceeding which will reach a resolution of the state law issues in this case. Accordingly, the Court's decision in this case would not constitute a needless resolution of state law.

*Id.* (emphasis added).

In ***Wells Cargo, Inc. v. Transport Ins. Co.***, the defendant insurer moved to dismiss the plaintiff insured's declaratory judgment action. *See **Wells Cargo, Inc. v. Transp. Ins. Co.***, 676 F. Supp. 2d 1114 (D. Idaho 2009). The insured filed the underlying action in that case to determine whether its policies covered the costs of environmental cleanup. *Id.* In that matter, the plaintiff insured also sued for breach of contract which provided an independent basis for diversity jurisdiction, thus the court determined that it did not have discretion to decline to hear the declaratory judgment action. *Id.* at 1126. However, the court explained that even if it had discretion to decline jurisdiction over the declaratory judgment claim, it would not have done so. *Id.* The court explained that maintaining federal jurisdiction over the declaratory judgment claim would not involve needless determination of state law issues because no related case between the two parties had been filed in an Idaho state court and Idaho state law would apply in the case. *Id.*

Both ***Burlington*** and ***Wells Cargo*** support that this Court's decision to maintain jurisdiction over the Plaintiff's declaratory judgment action would not result in a needless determination of state law. *See **Burlington Ins. Co.*** 1:13-CV-00078-BLW,

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 6

2013 WL 5798686; **Wells Cargo, Inc.**, 676 F. Supp. 2d 1114. As in **Burlington**, the parallel proceeding in the Lincoln County District Court does not deal with the precise issue at stake in this case, namely the <u>**AAIC**</u> policy coverage issue. There is no pending Idaho suit between AAIC and the Defendants, and there is no pending Idaho suit that will reach a resolution of the state law issues in this particular case between these particular parties. Further, Idaho insurance contract law will apply in this case and no action between these parties has been filed in state court; therefore, federal jurisdiction over the declaratory judgment claim would not involve needless determination of state law issues.

## 2.     The Plaintiff Has Not Engaged in Forum Shopping

The second **Brillhart** factor, that a court should discourage parties from filing declaratory actions as way to forum shop, also weighs in favor of denying the Defendants' Motion to Dismiss. **See Gov't Employees Ins. Co. v. Dizol**, 133 F.3d 1220, 1225 (9th Cir. 1998). The Plaintiff has not engaged in forum shopping, and the declaratory judgment action is not reactive litigation since the underlying Stockholder's Lawsuit and the instant action do not present the same issues of state law. **See R.R. St. & Co. Inc. v. Transp. Ins. Co**., 656 F.3d 966, 976 (9th Cir. 2011). Further, the Plaintiff filed its Complaint with this Court, in part, because the same district judge is presiding over both the Stockholders' Lawsuit and Darwin's declaratory judgment action.

The **Burlington Ins. Co. v. Guerdon Enterprises, LLC** case cited above is also instructive on this second factor. **Burlington Ins. Co. v. Guerdon Enterprises, LLC**, 1:13-CV-00078-BLW, 2013 WL 5798686 (D. Idaho Oct. 28, 2013).  In **Burlington**, the court determined that the plaintiff did not participate in forum shopping and found

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 7

that the case before it was not a typical case of reactive litigation in which an insurance company sought to obtain a declaratory judgment against its insured while "a non-removable state court action presenting the same issues of state law" was pending. *Id.* The court noted that the insurance issues before it were not before the state court in the underlying lawsuit between the insured, Guerdon, and Cahill, the party suing Guerdon. *Id.* Further, the court stated that:

> every plaintiff seeks a favorable forum when filing a suit, and this Court shares the Ninth Circuit's concerns over "labeling as 'forum shopping' a plaintiff's desire to bring previously unasserted claims in federal court. The desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III."

*Id. (quoting R.R. St. & Co. Inc. v. Transp. Ins. Co.,* 656 F.3d 966, 982 (9th Cir. 2011).

Similar to the plaintiffs in **Burlington**, the Plaintiff in the instant case has not filed a declaratory judgment action against Defendants while a non-removable state court action involving the same state law issues is pending. The AAIC policy interpretation issues before this Court are not before the Lincoln County District Court or any other court. The **Darwin** action that is pending before the Lincoln County District Court involves a different insurance company and a different insurance policy. Thus, the state court does not have the opportunity to construe the policies contrary to AAIC's positions. The fact that the state court might rule against Darwin, the plaintiff in the Lincoln County case, is irrelevant; however, as such a ruling would have no effect on AAIC because these two cases involve two separate policies.

The fact that the Plaintiff has chosen to file this previously unasserted declaratory judgment action in federal court does not establish that the Plaintiff has

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 8

engaged in improper forum shopping. Therefore, the Defendants' argument regarding forum shopping does not support its abstention argument.

### 3. Duplicative Litigation Will Not Occur if the Court Maintains the Plaintiff's Declaratory Judgment Action

The third *Brillhart* factor, that a court should avoid duplicative litigation, weighs strongly in favor of denying the Defendants' Motion to Dismiss. *See Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998). The *Burlington Ins. Co. v. Guerdon Enterprises, LLC* case cited above strongly supports the Plaintiff in that there will be no duplicative litigation should this Court exercise its discretion to hear the declaratory judgment action before it. *Burlington Ins. Co. v. Guerdon Enterprises, LLC,* 1:13-CV-00078-BLW, 2013 WL 5798686 (D. Idaho Oct. 28, 2013).

In *Burlington*, the court stated that although there was a separate declaratory judgment action brought by American Hallmark Insurance Company of Texas against the defendant Guerdon in state court, there was no danger of duplicative litigation if Burlington's declaratory judgment action remained in federal court. *See Burlington Ins. Co. v. Guerdon Enterprises, LLC*, 1:13-CV-00078-BLW, 2013 WL 5798686 (D. Idaho Oct. 28, 2013). The court explained that while both of the insurance companies believe that similar exclusions in their respective issued policies apply to the underlying contract case, "the fact remains that we are talking about two separate sets of contracts." *Id.*

> The same general exclusions do appear in the same general area of the insurers' respective policies, and their language is similar in many instances, but that does not mean one controls the other. Thus, although an argument can be made that it could be more efficient for one court to apply this common language to the facts of the case, . . . it does not create a concern for duplicative litigation.

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 9

*Id.* According to the reasoning in **Burlington**, there is no danger of duplicative litigation in the instant case if the Court were to exercise its discretion and dismiss the Defendants' Motion to Dismiss. Although the Defendants' believe that the policies issued by Darwin and the Plaintiff are very similar and contain similar exclusions, the two policies are separate contracts issued by two completely different insurance companies for two totally separate periods of time. The **Darwin** contract does not control the AAIC contract whatsoever.

There is no risk of inconsistent decisions if this Court were to retain jurisdiction in AAIC's declaratory judgment matter. The **Darwin** declaratory relief action concerns a totally different policy. The policies issued by Darwin and AAIC do not cover the Defendants for the same period of time and will relate to the facts differently. They are different contracts between different parties for different policy periods. The Idaho state Lincoln County Court's decision will not have any controlling effect on the issues before this Court.

### B. The Other Factors Considered by 9th Circuit Courts Do Not Warrant a Dismissal of Plaintiff's Declaratory Judgment Action

The other factors considered by 9th Circuit courts weigh in favor of dismissing the Defendants' Motion to Dismiss and in favor of this Court retaining jurisdiction over this matter. *See **Plum Creek Timber Co. v. Trout Unlimited***, 255 F. Supp. 2d 1159, 1166-67 (D. Idaho 2003); ***Gov't Employees Ins. Co. v. Dizol,*** 133 F.3d 1220, 1233 (9th Cir. 1998). The declaratory judgment action before the Court will settle all aspects of the controversy between the two parties and will serve a useful purpose in clarifying legal relations at issue, namely whether AAIC has a duty to defend and/or

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 10

indemnify the Defendants in the underlying Stockholders' Lawsuit. AAIC did not bring forth this action in order to gain some kind of procedural advantage and will not receive such an advantage if the Court retains jurisdiction in this matter. No entanglement between the federal and state court systems will occur because AAIC is not a party to either of the underlying actions in the Lincoln County District Court. Further, the Stockholders' Lawsuit involves negligence and breach of contract claims, and the declaratory judgment action is a matter of insurance contract interpretation.

Since neither the *Brillhart* factors nor the other factors relied upon by the defense support the Defendants' Motion to Dismiss, AAIC respectfully requests that this Court retain jurisdiction over its declaratory judgment matter and deny the Defendants' Motion to Dismiss. Further, AAIC requests that this Court deny the Defendants' alternative motion to stay the proceedings.

## IV.  CONCLUSION

For the reasons stated above, AAIC respectfully requests that the Defendants' Motion to Dismiss or Stay be denied.

DATED this 29th day of October, 2014.

                QUANE JONES McCOLL, PLLC


                By  /s/ Terrence S. Jones
                    Terrence S. Jones, Of the Firm
                    Attorneys for Plaintiff American
                    Alternative Insurance Corporation

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that on this 29th day of October, 2014, I served a true and correct copy of the foregoing MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS by delivering the same to each of the following, by the method indicated below, addressed as follows:

| | |
|---|---|
| Craig Hobdey | [ ] U.S. Mail, postage prepaid |
| Scott J. Smith | [ ] Hand Delivered |
| ATTORNEY AT LAW | [ ] Overnight Mail |
| PO Box 176 | [ ] Facsimile: (208) 934-4420 |
| Gooding, ID 83330 | [X] CM/ECF |
| Telephone – (208) 934-4429 | |

          /s/ Terrence S. Jones
           Terrence S. Jones